# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Docket No. 2:24-cr-00022-NT |
| ) | |
| JASON ARSENAULT, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF DETENTION PENDING TRIAL

On February 28, 2024, the Defendant was charged by indictment of bank robbery, in violation of 18 U.S.C. § 2113(a) (ECF No. 1). On March 18, 2024, in accordance with the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, I held a hearing on the Government's Motion for Detention (ECF No. 6). The Defendant appeared with counsel at the hearing, and the Government offered Government Exhibit 1, the South Portland Police report of its investigation into the charged bank robbery.

The report reflects that on January 26, 2024, the Key Bank in South Portland was robbed by a masked individual who drove up to the teller window in a stolen vehicle and passed a note to the teller, saying that he had an explosive device with him and demanding $50,000. Police investigating the incident constructed a timeline of the incident and obtained surveillance footage that tracked the movements of the suspect in and around the vicinity of the bank. Police also spoke with individuals who indicated that the Defendant had told them that he had committed the bank robbery. Finally, police interviewed the Defendant who confessed that he had committed the bank robbery and who described for police where he had hidden the money. The police located the money where the Defendant had said it would be.

Under the Bail Reform Act, I must determine whether there exists any condition or combination of conditions of release that will reasonably assure the

appearance of the Defendant and the safety of any other person and the community. 18 U.S.C. § 3142(f). In weighing the appropriateness of detention, I must consider "the nature and circumstances of the offense charged," "the weight of the evidence," "the history and characteristics of the" Defendant, and "the nature and seriousness of the danger to" the community that would be posed by the Defendant's release. *Id.* § 3142(g). A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. *Id.* § 3142(f). Considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, I find that the Government has proven, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

As for the nature and circumstances of the offense and the weight of the evidence, bank robbery is obviously a serious crime. The Government's evidence suggests that the Defendant presented a note claiming that he would detonate an explosive device if the teller did not provide $50,000 in twenty-dollar bills. The Government's evidence includes a timeline carefully corroborated by surveillance video which show the Defendant's movements before and after the robbery. Some of the video recovered shows the Defendant without his mask. In addition, there are two witnesses to whom the Defendant confessed. Finally, and most importantly, the Defendant confessed to the police that he had committed the bank robbery, and he provided information that only the perpetrator of the crime would have known.

As for the remaining 3142(g) factors, the Defendant has no prior criminal history. He has family in Maine and has lived in Maine for most of his life. The Defendant was last employed during the fall of 2023 as a landscape laborer. The Defendant told the police that he had been down on his luck for the past ten years or

so and that he had been struggling mentally. The Defendant has been living out of his vehicle since 2018. The Defendant suffers from tinnitus and auditory hallucinations as an effect of the tinnitus. The Defendant admitted to police that he used some of the money from the bank robbery to buy marijuana. It is unknown whether the Defendant has any other substance use issues.

The United States Probation and Pretrial Services Officer submitted a report recommending release on conditions, including residing in a sober living home, getting psychiatric treatment as directed, and not possessing any weapon. Pretrial Services Report, Second Addendum (ECF No. 17). However, pretrial services officers do not consider "the weight of the evidence, the applicability of a rebuttable presumption, and the potential penalty" in formulating their bail recommendations. *See* Pretrial Services Report at 4 (ECF No. 7). Here, the seriousness of the offense and the weight of the evidence weigh strongly against release on the conditions proposed. The Government has shown by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. I indicated at the hearing that I had insufficient information about the Defendant's mental condition to conclude otherwise, and defense counsel indicated that he had already scheduled a psychological evaluation for the Defendant. Should additional information come to light that would inform the detention determination, the Defendant can move to reopen the detention hearing. *See* 18 U.S.C. 3142(f)(2).

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States

or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

/s/ Nancy Torresen  
United States District Judge

Dated this 18th day of March, 2024.